IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN CICCHIELLO,<br>   Plaintiff<br><br> v.<br><br>DAUPHIN COUNTY PRISON BOARD,<br>et al.,<br>   Defendants | No. 3:24-CV-0509<br><br>(Judge Munley) |

## MEMORANDUM

Plaintiff Joan Cicchiello initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by officials at Dauphin County Prison (DCP), in Harrisburg, Pennsylvania. The court will dismiss Cicchiello's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will provide leave to amend.

## I.  BACKGROUND

Cicchiello lodged the instant complaint in March 2024. (See generally Doc. 1). However, she failed to pay the requisite filing fee or submit a properly completed application for leave to proceed *in forma pauperis* (IFP). (See Doc. 4 & n.1). The court gave Cicchiello thirty days to comply with either filing

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

requirement, (see id. at 1), but she did not submit a properly completed IFP application or the full filing fee within the thirty days allotted by the court's administrative order. (See Doc. 7 at 1-2). The court accordingly dismissed Cicchiello's lawsuit without prejudice, as previously warned. (See id. at 2 ¶ 1).

Instead of refiling her complaint and submitting a properly completed IFP application or the full filing fee, Cicchiello filed a notice of appeal. (See Doc. 9). That appeal was dismissed for lack of jurisdiction. (See Doc. 18). Cicchiello then moved to reopen her case, which motion the court granted. (See Doc. 21). She eventually submitted the full filing fee on November 14, 2024, (see Doc. 24), thus rendering her complaint filed and subject to preliminary review pursuant to 28 U.S.C. § 1915A.[2]

In her complaint, which is extremely difficult to follow, Cicchiello appears to assert two Section 1983 claims. She first notes that she filed a previous Section 1983 lawsuit in this court, Cicchiello v. Dauphin County Prison, No. 1:23-cv-540 (M.D. Pa.). (See Doc. 1 ¶ 10). In that case, she raised claims sounding in denial of access to the courts, unconstitutional conditions of confinement, procedural due process, and (possibly) deliberate indifference to serious medical needs. See Cicchiello, No. 1:23-cv-540, Doc. 52 at 4-5 (M.D. Pa. Jan. 26, 2024).

---

[2] At the time Cicchiello lodged the instant complaint, she was incarcerated at Dauphin County Prison. (See Doc. 1 at 7). She has since been released from incarceration. (See Doc. 16).

2

Summary judgment was granted in favor of the DCP Defendants and against Cicchiello because she had failed to exhaust administrative remedies for any of her claims. See generally Cicchiello, No. 1:23-cv-540, Docs. 52-54 (M.D. Pa. Jan. 26, 2024). No appeal was filed in that case.

In the instant complaint, Cicchiello asserts that an unspecified DCP official caused her to miss her appeal deadline and thus violated her right of access to the courts. She alleges that she mailed a notice of appeal in case number 1:23-cv-540 but that it was returned to sender due to an improper mailing address. (See Doc. 1 ¶ 10; Doc. 1-4 at 2). According to Cicchiello, this returned mail "sat in someone's office for over a month" and she did not receive it until March 12, 2024, after the time to appeal the January 26, 2024 judgment in case number 1:23-cv-540 had expired. (Doc. 1 ¶¶ 11-12).

Cicchiello also appears to assert an equal protection claim regarding the grievance system at DCP. Although her complaint is difficult to decipher, she alleges that "women at Dauphin County Prison . . . had a different Grievance Procedure than the men did." (Id. ¶ 20). However, Cicchiello does not explain how the grievance procedure for men differed from the grievance procedure for women, or how this purported difference detrimentally affected her.

Cicchiello lists five defendants in her caption: Dauphin County Prison Board, Warden Briggs, Officer Crider, Officer Kelly, and Gabridela Van-Lier. (Id.

at p. 1). She seeks "5.3 million [d]ollars" as relief. (Id. at p. 5). Cicchiello, however, fails to state a claim upon which relief may be granted, so the court must dismiss her complaint.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable

inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations— which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Cicchiello proceeds *pro se*, her pleadings are to be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## III. DISCUSSION

As best as the court can discern, Cicchiello is asserting a First and Fourteenth Amendment claim of denial of access to the courts and a Fourteenth Amendment equal protection claim. Her Section 1983 claims are deficient for multiple reasons. The court will address Cicchiello's pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can

include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Cicchiello's first and primary deficiency is that she fails to allege personal involvement by Defendants for the purported constitutional violations. Her complaint is silent as to the alleged unlawful action (or inaction) of any of the Defendants she identifies in the caption of her complaint. In fact, besides being listed in the caption, the entity and officials Cicchiello sues do not appear anywhere else in her complaint. Accordingly, the court must dismiss the Section

1983 claims against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B.     "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis added) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under

Section 1983); Ali v. Ann Klein Forensic Center, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

Cicchiello purports to sue the "Dauphin County Prison Board." (See Doc. 1 at p. 1). This entity is not a "person" within the meaning of Section 1983 and therefore Cicchiello has failed to assert a viable constitutional tort claim against it. Moreover, Cicchiello does not allege an unconstitutional policy or custom by the Board such that a Section 1983 suit could be maintained against Dauphin County. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).

### C.    First and Fourteenth Amendment Access to Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." Id. (citing Lewis, 518 U.S. at 354-55). To adequately plead an access-to-courts claim that is backward-looking in nature,[3] the prisoner must

---

[3] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher v. Harbury, 536 U.S. 403, 413 (2002).

allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe, 536 F.3d at 205 (quoting Christopher, 536 U.S. at 415). The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." See Christopher, 536 U.S. at 416-17.

Cicchiello has not plausibly alleged an access-to-courts claim for at least two reasons. First, Cicchiello has not asserted which named Defendant or Defendants (if any), allegedly violated this constitutional right.

Second, Cicchiello has not plausibly alleged facts showing that she lost the chance to pursue a nonfrivolous or arguable underlying claim. In Cicchiello's prior lawsuit, the court granted summary judgment in the defendants' favor because Cicchiello had failed to exhaust administrative remedies for any of her Section 1983 claims. See Cicchiello, No. 1:23-cv-540, Doc. 52 (M.D. Pa. Jan. 26, 2024). Cicchiello does not plausibly plead facts in the instant complaint that establish how an appeal of that decision—if filed—would have been nonfrivolous or had arguable merit.

In her prior case, the court examined Cicchiello's arguments and evidence regarding administrative exhaustion and—in a detailed and comprehensive

10

opinion—rejected those claims. See Cicchiello, No. 1:23-cv-540, Doc. 52 at 5-14 (M.D. Pa. Jan. 26, 2024). Notably, the court found that Cicchiello had repeatedly availed herself of the prison grievance process at DCP and her grievances were "addressed on the merits rather than rejected on procedural grounds." Id. at 11. Furthermore, Cicchiello's own exhibits undercut her assertion that she was not informed of the prison's grievance process. See id. at 9-10 (noting that, on the prison's response to one of Cicchiello's grievances, a clear explanation of the next step in the appeal process was expressly written, a step which she did not undertake). Other grievances were never appealed to or considered by the warden. See id. at 10; Cicchiello, No. 1:23-cv-540, Doc. 19-6. Consideration of the claim by the warden is required for administrative exhaustion even under Cicchiello's current allegations. (See Doc. 1 at p. 5 (alleging that grievance process posted stated that the "Warden's response to your complaint is final")).

Cicchiello's access-to-courts claim thus fails because she has not identified who allegedly violated her rights. It likewise fails because she has not plausibly alleged that she lost the chance to pursue a nonfrivolous appeal of her prior civil rights lawsuit.

### D.   Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection

of the laws." U.S. CONST. amend. XIV, § 1. To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]" Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3d Cir. 2016). An equal protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment." Phillips, 515 F.3d at 243 (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

Cicchiello asserts that female inmates at DCP are treated differently than male inmates with respect to the prison grievance process. She does not, however, allege how the grievance processes are different, who is responsible for the purportedly disparate treatment, or how the alleged disparate treatment detrimentally affected her.[4] Thus, to the extent that Cicchiello is attempting to assert an equal protection claim, she has failed to plausibly allege such a cause of action.

---

[4] In this regard, Cicchiello's complaint—by failing to allege harm or injury—presents a standing deficiency with respect to her equal protection claim. See Clemens v. ExecuPharm Inc., 48 F.4th 146, 152 (3d Cir. 2022) ("Article III standing requires a plaintiff to demonstrate: (1) that he or she *suffered an injury in fact* that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." (emphasis added) (citation and internal quotation marks omitted)).

12

### E.  Potential Policy-Related Claim

Cicchiello's complaint may also be liberally construed as raising a Section 1983 claim regarding DCP's alleged violation of its own internal policy as to prisoner clothing.  (See Doc. 1 ¶¶ 3-9, 14).  However, it is axiomatic that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." Atwell v. Lavan, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); see Bullard v. Scism, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); Jordan v. Rowley, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); Williamson v. Garman, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); see also United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").  Moreover, Cicchiello has not pled facts showing that the policy itself creates a liberty or property interest such that its violation could infringe her procedural due process rights.  See Millhouse v. Bledsoe, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential) (citing Sandin v. Conner, 515 U.S. 472, 487 (1995)).  Thus, to the extent that Cicchiello is asserting a Section 1983 claim

13

based on a violation of DCP policy concerning prisoner clothing, that claim must also be dismissed for failure to state a claim upon which relief may be granted.

### F.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114.  The court will grant Cicchiello leave to amend.  However, any claim regarding DCP's failure to follow internal policy with respect to clothing will be dismissed with prejudice, as such policy violations do not have a constitutional dimension.

If Cicchiello chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth Cicchiello's claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Cicchiello must address the pleading deficiencies identified in this Memorandum.  In particular, she must name appropriate defendants and must specify the offending action (or inaction) by those defendants, thereby establishing the defendants' personal involvement in the alleged unconstitutional conduct.

Cicchiello must also sign the amended complaint and indicate the nature of the relief sought.  She may not include claims that have been dismissed with

prejudice. She also may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). For example, if her access-to-courts claim targets different officials than her seemingly unrelated equal protection claim, those disparate claims cannot be joined together in the same Section 1983 lawsuit. See FED. R. CIV. P. 20(a)(2).

If Cicchiello does not timely file an amended complaint, dismissal of any claims without prejudice will automatically convert to dismissal with prejudice and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the court will dismiss Cicchiello's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Limited leave to amend will be granted. An appropriate Order follows.

Date: 1/21/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court