## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN CICCHIELLO,        :        No. 3:24-CV-0509
        **Plaintiff**        :

                :        **(Judge Munley)**

    v.        :

                :

DAUPHIN COUNTY PRISON BOARD,  :
*et al.*,        :

        **Defendants**        :

## MEMORANDUM

Plaintiff Joan Cicchiello initiated the above-captioned *pro se* action under

42 U.S.C. § 1983,[1] alleging constitutional violations by officials at Dauphin

County Prison (DCP), in Harrisburg, Pennsylvania.  She is not proceeding *in*

*forma pauperis* in this matter.  Her initial complaint was dismissed under 28

U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted

but she was given leave to amend.  Cicchiello filed an amended complaint but

she has not properly served any named Defendant.  The court, therefore, cannot

proceed further with this litigation.  The court will quash service of process and

will grant Cicchiello an extension of time to properly serve Defendants under

Federal Rule of Civil Procedure 4.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

Cicchiello lodged her original complaint in March 2024.  (See generally Doc. 1).  She was incarcerated at that time, (see Doc. 1 at 7; Doc. 5; Doc. 8 at 2, 3), but is no longer in prison, (see Doc. 16).  The court initially dismissed the case without prejudice due to Cicchiello's failure to comply with the standard administrative order.  (See Docs. 4, 7).  Following a lengthy delay caused by Cicchiello's procedural missteps and an improper interlocutory appeal, (see Doc. 9; Doc. 31 at 1-2), she eventually paid the full filing fee and successfully moved to reopen her case, (see Docs. 19, 21, 24).

The court screened Cicchiello's complaint under 28 U.S.C. § 1915A(a) and determined that she was raising two Section 1983 claims: First and Fourteenth Amendment access to courts and Fourteenth Amendment equal protection.  (See Doc. 31 at 2-3, 6).  The court reviewed those allegations and held that Cicchiello had failed to plausibly state a claim for relief as to either cause of action.  (See id. at 6-12).  The court additionally noted that, to the extent Cicchiello's complaint could be liberally construed as raising a policy claim against DCP regarding prisoner clothing, such a claim was not actionable under Section 1983.  (See id. at 13-14).  That claim was dismissed with prejudice, while the court granted Cicchiello leave to amend her other two Section 1983 claims.  (See id. at 14;

2

Doc. 32). The court also provided explicit instructions regarding any amended pleading Cicchiello may file. (See Doc. 31 at 14-15).

Cicchiello timely filed an amended complaint. (Doc. 33). That filing, however, ignored nearly all the pleading parameters given by the court in its previous opinion. (See Doc. 34 at 1, 3-5 (explaining Cicchiello's many errors with her first attempt to amend)). Accordingly, the court struck that amended complaint and gave Cicchiello one final opportunity to file an amended pleading that complied with the court's directions and plausibly stated a claim for relief. (See id. at 5-6).

Cicchiello filed a second version of her amended complaint on May 12, 2025. (See generally Doc. 35). Her claims concern her pretrial detention at Dauphin County Prison from May 5, 2021 to July 28, 2022. (Id. ¶ 11). None of the claims asserted in her original complaint appear in her amended pleading. Rather, her amended complaint attempts to assert the following causes of action: (1) Fourteenth Amendment conditions of confinement; (2) a claim under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; (3) a claim under Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 701 et seq.; (4) First Amendment free exercise of religion; (5) a claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc; (6) a municipal liability claim against Dauphin County; and (7) a

claim of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et *seq.* (Doc. 35 ¶¶ 151-209).

Cicchiello names seven defendants: Dauphin County, Warden Gregory Briggs, Chief Deputy Warden Lionel Pierre, Deputy of Security Roger Lucas, Officer Kelly Gallatin, Officer Joann Cryder,[2] and Counselor Gabriella van Lier. (Id. ¶¶ 12-18). She seeks compensatory and punitive damages, as well as a declaration that her constitutional rights were violated. (Id. at p. 34).

On August 28, 2025, the court issued summonses for the seven named Defendants, directed Cicchiello to serve those Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, and further directed her to file proof of service on the docket. (See Docs. 44, 45). On September 10, 2025, Cicchiello returned alleged proof of service for six of the seven Defendants (no proof of service was returned for Officer Kelly Gallatin). (See Doc. 46 at 1-6). Service was purportedly effected by "Melissa Derr" on "Lavery Law Firm." (See id.). Without support or explanation, each proof of service stated that Lavery Law Firm is "designated by law to accept service of process on behalf of" every Defendant. (See id.). It appears that Cicchiello attempted to serve Defendants at Lavery Law Firm through regular, first-class U.S. mail. (See Doc. 50 at 2, 4).

---

[2] Cicchiello spells Officer Joann Cryder's last name as "Creider" in the amended complaint. (See Doc. 35 ¶ 17). The court will utilize the correct spelling of Officer Cryder's last name as provided by defense counsel. (See Doc. 50 at 1).

On October 1, 2025, counsel for Defendants entered their appearances and moved to dismiss the amended complaint.  (See Docs. 47, 48, 49). Defendants asserted that Cicchiello had failed to properly serve any Defendant and had failed to state a claim upon which relief may be granted.  (See generally Doc. 50).

Perhaps realizing that her initial efforts at service of process were insufficient after receiving Defendants' motion to dismiss, Cicchiello attempted to serve Defendants again on November 3, 2025.  This time, she claimed to have served Defendants "at their place of work."  (Doc. 56 at 1; see also Doc. 57 at 4). It appears that, for each of the six individual Defendants affiliated with Dauphin County Prison, Cicchiello had "George Eichelberger" personally deliver the summons to "Officer Main Entrance" of the prison.  (See Doc. 56 at 3-8).  Each proof of service states that "Officer Main Entrance" is "designated by law to accept service of process on behalf of (name of organization) _____," and in that blank Cicchiello has written "Dauphin County Prison."  (See id.).  For defendant Dauphin County, Cicchiello had Eichelberger deliver the summons to an unidentified "Receptionist 4th Floor" at the Dauphin County Courthouse, whom Cicchiello alleges "is designated by law to accept service of process on behalf of . . . Dauphin County Commissioners."  (Id. at 9).

Defendants' motion to dismiss is fully briefed and ripe for disposition. Because Cicchiello failed to properly serve any Defendant, the court cannot proceed with her lawsuit.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficient service of process." FED. R. CIV. P. 12(b)(5). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4. Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991). When service is challenged, the party asserting the validity of service bears the burden of proof to demonstrate that service was properly effectuated. See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

## III.    DISCUSSION

Defendants maintain that Cicchiello has failed to properly serve any Defendant. They also contend that the amended complaint fails to state a claim for relief. The court finds that it cannot exercise personal jurisdiction over any Defendant in this matter or proceed further in this case because there has been no proper service of process. See Lampe, 952 F.2d at 700-01 ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

### A.    Attempted Service on Individual Defendants

Service on individuals within the United States is governed by Federal Rules of Civil Procedure 4(c) and 4(e).  Rule 4(c) mandates that the summons must be served with a copy of the complaint, and those documents must be served on the defendant by either a person "who is at least 18 years old and not a party" or by the United States marshal, deputy marshal, or a person "specially appointed by the court."  FED. R. CIV. P. 4(c).

Rule 4(e) provides four methods for serving an individual (other than a minor, an incompetent person, or a person "whose waiver has been filed"): (1) by "delivering a copy of the summons and of the complaint to the individual personally"; (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process"; or (4) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e).

Cicchiello's first attempt at serving the individual Defendants clearly was insufficient.  First, if Cicchiello mailed the summonses and complaints to Lavery Law Firm, as Defendants claim, that attempt plainly falls short because neither the Federal Rules of Civil Procedure nor the Pennsylvania Rules of Civil

Procedure permit service by regular mail.  See Staudte v. Abrahams, 172 F.R.D. 155, 156 & n.1 (E.D. Pa. 1997); FED. R. CIV. P. 4(e); PA. R. CIV. P. 402; PA. R. CIV. P. 403, 404 (allowing, in rare circumstances like an out-of-state defendant, service by mail requiring return receipt).

Second, even if the summonses were hand-delivered to Lavery Law Firm, Cicchiello has not established that such delivery satisfies any of the options for service on an individual under the federal or state rules.  Indeed, there is no evidence that Lavery Law Firm was "authorized by appointment or by law" to accept service of process for any Defendant, and Defendants explicitly aver that Lavery Law in fact "was not authorized to accept service on behalf of the Defendants[.]" (Doc. 50 at 4).  Nor does serving a law firm satisfy any of the Pennsylvania options for serving an individual.  See generally PA. R. CIV. P. 402.

Cicchiello has likewise failed to establish that her second service attempt in November 2025 properly served any individual Defendant.  As recounted above, Cicchiello had George Eichelberger—presumably, a competent adult—hand-deliver the summonses (and presumably copies of the amended complaint) to an unidentified "Officer Main Entrance" at the Dauphin County Prison.  This action does not satisfy any of the three service options under Federal Rule of Civil Procedure 4(e)(2)(A), (B), or (C), and thus it could only effectuate service if it

complied with "state law for serving a summons in an action brought in courts of general jurisdiction" in Pennsylvania. FED. R. CIV. P. 4(e)(1). It did not.

The general options for service of process under Pennsylvania law are found in Pennsylvania Rule of Civil Procedure 402(a). They include "handing a copy [of original process] to the defendant"; handing a copy to an adult member of the family with whom the defendant resides at the defendant's residence; handing a copy to the clerk or manager of a "hotel, inn, apartment house, boarding house, or other place of lodging at which [the defendant] resides"; or handing a copy to the defendant's agent or to the person for the time being in charge of "any office or usual place of business of the defendant." PA. R. CIV. P. 402(a).

However, under Pennsylvania law, for most civil litigation not commenced in Philadelphia County, only the sheriff can serve original process. See PA. R. CIV. P. 400(a).[3] Thus, Cicchiello's second attempt at service on the individual Defendants—if attempting service pursuant to Pennsylvania law—fails for at least two reasons. First, and most importantly, she did not have the sheriff serve original process as required by Rule 400(a). Second, she has not established that the unidentified "Officer Main Entrance" at DCP (whomever that may be) was

---

[3] There are several express exceptions to this rule, but they do not apply in this case. See PA. R. CIV. P. 400(b).

the "agent" of any individual Defendant or "the person for the time being in charge" of DCP if attempting to serve pursuant to Pennsylvania Rule of Civil Procedure 402(a)(2)(iii).

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, rules concerning service of process must be strictly followed." Cintas Corp. v. Lee's Cleaning Servs., Inc., 700 A.2d 915, 917-18 (Pa. 1997) (emphasis added) (citation omitted). And while *pro se* litigants are given some procedural flexibility, "they still must serve process" on the named defendants. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Cicchiello has not followed the rules for service of process, and therefore she has not met her burden to establish the validity of service for any individual Defendant.

## B.    Attempted Service on Dauphin County

Cicchiello also sues Dauphin County. To properly serve this municipal Defendant, Cicchiello must comply with Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) requires that the local government be served by either (1) "delivering a copy of the summons and of the complaint to its chief executive officer"; or (2) "serving a copy of each in the manner prescribed by" Pennsylvania law "for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2)(A)-(B).

10

Serving a county with original process under Pennsylvania law requires handing a copy of that process to (1) "an agent duly authorized by the political subdivision to receive service of process"; (2) "the person in charge at the office of the defendant"; or (3) "the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman or clerk of the board of county commissioners." PA. R. CIV. P. 422(b).

Cicchiello claims that she served Dauphin County by having George Eichelberger hand-deliver the summons (and presumably a copy of the amended complaint) to an unidentified "Receptionist 4th Floor" at the office of the Dauphin County Commissioners located in the Dauphin County Courthouse. First, this attempt at service does not meet the requirements of Federal Rule of Civil Procedure 4(j)(2)(A), because the summons and complaint were not delivered to Dauphin County's "chief executive officer," FED. R. CIV. P. 4(j)(2)(A), which would be one of its three commissioners.[4] Cicchiello has offered no evidence or legal argument that serving an unidentified receptionist, who made no statement of actual authority to accept service of process on behalf of the commissioners,

---

[4] See DAUPHIN CNTY., COMMISSIONERS, https://www.dauphincounty.gov/government/publicly-elected-officials/commissioners (last visited Apr. 30, 2026) (noting that "Dauphin County Commissioners Justin Douglas, Mike Pries, and George P. Hartwick, III are essentially the CEOs of the county").

11

would be legally equivalent to serving one of the three county commissioners personally.  See Grand Ent. Grp., Ltd., 988 F.2d at 485-86.

It is possible that serving the receptionist at the Dauphin County Commissioners' office could satisfy the requirements for serving a municipality under Pennsylvania law.  See Comyn v. S.E.P.T.A., 594 A.2d 857, 859-60 (Pa. Commw. Ct. 1991).  The court offers no opinion on whether Cicchiello's attempt here met those requirements, although it likely did not.  See id. (finding that sheriff hand-delivering a complaint to an *unidentified* receptionist without determining the "official capacity of the person" or whether the receptionist was "the person in charge" failed to properly effectuate service on City of Philadelphia).  No determination on this issue is necessary because proper service in Pennsylvania generally requires service by the sheriff.  There is no dispute that the sheriff did not serve original process on Dauphin County.

In short, Cicchiello has not properly served any individual Defendant or Dauphin County.  This court, therefore, has no personal jurisdiction over any Defendant and cannot proceed with this case.  Lampe, 952 F.2d at 700-01.  Instead of dismissal under Rule 12(b)(5), the court will quash service of process.  See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992) (citations omitted).  Because Cicchiello is proceeding *pro se* and has made good-faith efforts to serve Defendants, the court will extend the time to serve process under Federal Rule of

12

Civil Procedure 4(m).  See FED. R. CIV. P. 4(m); Black v. Dublin EMS, LLC, No. 1:16-CV-1340, 2017 WL 1150661, at *6 (M.D. Pa. Mar. 28, 2017).  Cicchiello will be granted an additional 30 days to serve Defendants in a manner that satisfies Rule 4 of the Federal Rules of Civil Procedure.[5]

Accordingly, Defendants' motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) will be denied without prejudice to their right to reassert said motion if Cicchiello fails to properly effectuate service of process in the time allotted.  Defendants' motion to dismiss for failure to state a claim will be dismissed as moot and without prejudice to Defendants' right to renew said motion if Cicchiello properly serves her amended complaint on Defendants.

## IV.    CONCLUSION

Based on the foregoing, the court will quash service of process, deny without prejudice Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and dismiss as moot and

---

[5] The court admonishes Cicchiello that if she intends to pursue service via the Pennsylvania Rules of Civil Procedure, she must have the sheriff perform service. This is not only a requirement for service under Pennsylvania Rule of Civil Procedure 400(a), but also will improve the likelihood that service is properly effectuated, as the sheriff's office is highly experienced with service of process in Pennsylvania.

13

without prejudice Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). An appropriate Order follows.

Date: 5/1/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

14