**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOAN CICCHIELLO,**<br>**Plaintiff**<br><br>**v.**<br><br>**DAUPHIN COUNTY PRISON BOARD,** ***et al.*****,**<br>**Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **No. 3:24-CV-0509**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Plaintiff Joan Cicchiello initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by officials at Dauphin County Prison (DCP), in Harrisburg, Pennsylvania. She is not proceeding *in forma pauperis* in this matter. Her initial complaint was dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but she was given leave to amend. Cicchiello filed an amended complaint but did not properly serve any named Defendant. The court quashed the improper service attempts and granted her an extension of time to properly serve Defendants under Federal Rule of Civil Procedure 4. Cicchiello has failed to cure the deficiencies in service of process, so the court must dismiss this case.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## I. BACKGROUND

Cicchiello lodged her original complaint in March 2024. (See generally Doc. 1). She was incarcerated at that time, (see Doc. 1 at 7; Doc. 5; Doc. 8 at 2, 3), but is no longer in prison, (see Doc. 16). The court initially dismissed the case without prejudice due to Cicchiello's failure to comply with the standard administrative order. (See Docs. 4, 7). Following a lengthy delay caused by Cicchiello's procedural missteps and an improper interlocutory appeal, (see Doc. 9; Doc. 31 at 1-2), she eventually paid the full filing fee and successfully moved to reopen her case, (see Docs. 19, 21, 24).

The court screened Cicchiello's complaint under 28 U.S.C. § 1915A(a) and determined that she was raising two Section 1983 claims: First and Fourteenth Amendment access to courts and Fourteenth Amendment equal protection. (See Doc. 31 at 2-3, 6). The court reviewed those allegations and held that Cicchiello had failed to plausibly state a claim for relief as to either cause of action. (See id. at 6-12). The court additionally noted that, to the extent Cicchiello's complaint could be liberally construed as raising a policy claim against Dauphin County Prison regarding prisoner clothing, such a claim was not actionable under Section 1983. (See id. at 13-14). That claim was dismissed with prejudice, while the court granted Cicchiello leave to amend her other two Section 1983 claims.

(See id. at 14; Doc. 32). The court also provided explicit instructions regarding any amended pleading that may be filed. (See Doc. 31 at 14-15).

Cicchiello timely filed an amended complaint. (Doc. 33). That filing, however, ignored nearly all the pleading parameters given by the court in its previous opinion. (See Doc. 34 at 1, 3-5 (explaining Cicchiello's many errors with her first attempt to amend)). Accordingly, the court struck that amended complaint and gave Cicchiello one final opportunity to file an amended pleading that complied with the court's directions and plausibly stated a claim for relief. (See id. at 5-6).

Cicchiello filed a second version of her amended complaint on May 12, 2025. (See generally Doc. 35). Her claims concern her pretrial detention at Dauphin County Prison from May 5, 2021 to July 28, 2022. (Id. ¶ 11). None of the claims asserted in her original complaint appear in her amended pleading. Rather, her amended complaint attempts to assert the following causes of action: (1) Fourteenth Amendment conditions of confinement; (2) a claim under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*; (3) a claim under Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 701 *et seq.*; (4) First Amendment free exercise of religion; (5) a claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc; (6) a municipal liability claim against Dauphin County; and (7) a

claim of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et *seq.* (Doc. 35 ¶¶ 151-209).

Cicchiello names seven defendants: Dauphin County, Warden Gregory Briggs, Chief Deputy Warden Lionel Pierre, Deputy of Security Roger Lucas, Officer Kelly Gallatin, Officer Joann Cryder,[2] and Counselor Gabriella van Lier. (Id. ¶¶ 12-18). She seeks compensatory and punitive damages, as well as a declaration that her constitutional rights were violated. (Id. at p. 34).

On August 28, 2025, the court issued summonses for the seven named Defendants, directed Cicchiello to serve those Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, and further directed her to file proof of service on the docket. (See Docs. 44, 45). On September 10, 2025, Cicchiello returned alleged proof of service for six of the seven Defendants (no proof of service was returned for Officer Kelly Gallatin). (See Doc. 46 at 1-6). Service was purportedly effected by "Melissa Derr" on "Lavery Law Firm." (See id.). Without support or explanation, each proof of service stated that Lavery Law Firm is "designated by law to accept service of process on behalf of" every Defendant. (See id.). It appears that Cicchiello attempted to serve Defendants at Lavery Law Firm through regular, first-class U.S. mail. (See Doc. 50 at 2, 4).

[2] Cicchiello spells Officer Joann Cryder's last name as "Creider" in the amended complaint. (See Doc. 35 ¶ 17). The court will utilize the correct spelling of Officer Cryder's last name as provided by defense counsel. (See Doc. 50 at 1).

On October 1, 2025, counsel for Defendants entered their appearances and moved to dismiss the amended complaint. (See Docs. 47, 48, 49). Defendants asserted that Cicchiello had failed to properly serve any Defendant and that her amended complaint failed to state a claim upon which relief may be granted. (See generally Doc. 50).

Perhaps realizing that her initial efforts at service of process were insufficient after receiving Defendants' motion to dismiss, Cicchiello attempted to serve Defendants again on November 3, 2025. This time, she claimed to have served Defendants "at their place of work." (Doc. 56 at 1; see also Doc. 57 at 4). It appears that, for each of the six individual Defendants affiliated with Dauphin County Prison, Cicchiello had "George Eichelberger" personally deliver the summonses to "Officer Main Entrance" of the prison. (See Doc. 56 at 3-8). Each proof of service states that "Officer Main Entrance" is "designated by law to accept service of process on behalf of (name of organization) _____," and in that blank Cicchiello has written "Dauphin County Prison." (See id.). For defendant Dauphin County, Cicchiello had Eichelberger deliver the summons to an unidentified "Receptionist 4th Floor" at the Dauphin County Courthouse, whom Cicchiello alleges "is designated by law to accept service of process on behalf of . . . Dauphin County Commissioners." (Id. at 9).

After careful consideration, the court held that Cicchiello had failed to properly serve any Defendant, and therefore her lawsuit could not proceed. (See Doc. 59 at 6, 13). Rather than dismiss the lawsuit for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5)—as Defendants had requested—the court quashed the inappropriate service, dismissed without prejudice Defendants' Rule 12(b)(5) motion, and gave Cicchiello 30 days to properly serve Defendants under Federal Rule of Civil Procedure 4.[3] (See id. at 13-14; Doc. 60 ¶¶ 1, 2, 4).

Cicchiello appears to have attempted service again. (See Docs. 62, 66). Defendants have renewed their motion to dismiss under Rule 12(b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 63). That motion is fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficient service of process." FED. R. CIV. P. 12(b)(5). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4. Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991). When service is challenged, the

[3] The court also dismissed as moot and without prejudice Defendants' concurrent motion to dismiss for failure to state a claim upon which relief may be granted. (See Doc. 60 ¶ 3).

party asserting the validity of service bears the burden of proof to demonstrate that service was properly effectuated. See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

## III. DISCUSSION

Defendants maintain that Cicchiello has once again failed to properly serve any Defendant. They also contend that the amended complaint fails to state a claim for relief. The court need only, and indeed can only, reach Defendants' first argument. That is because Cicchiello has not served her lawsuit and therefore there is no jurisdiction over Defendants to consider the Rule 12(b)(6) motion. See Lampe, 952 F.2d at 700-01 ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Cicchiello's first two ineffective attempts at service of process are set forth above and in this court's May 1, 2026 Memorandum Opinion. (See Doc. 59 at 4-5, 7-10, 11-12). As noted, these attempts to serve the individual Defendants and Dauphin County were deficient for multiple reasons, as more fully explained in the May 1 Memorandum. (See id.).

Cicchiello's service attempt this time around is less complicated but equally deficient. It appears that she—possibly through George Eichelberger—hand-

delivered summonses (without copies of the amended complaint) to Susan Hepp, a receptionist at Marshall Dennehy, P.C.'s office in Camp Hill, Pennsylvania (the firm who currently represents Defendants). (See Docs. 62, 64-1, 66). The parties dispute how this event unfolded.

Defendants submitted an affidavit by receptionist Susan Hepp, who attests that on May 26, 2026, an unidentified woman appeared at Marshall Dennehey and left an envelope on the front desk. (Doc. 64-1 ¶¶ 3-4). The woman asked Hepp for her name and wrote it down on a piece of paper. (Id. ¶¶ 5-6). She also asked Hepp whether she was able to accept "mail." (Id. ¶ 15). Hepp recalls that an unidentified man wearing a "veterans cap" was with the woman, standing near the elevators. (Id. ¶ 7). After dropping off the envelope and writing down Hepp's name, the unidentified woman and man entered the elevator and presumably left the building. (Id. ¶ 9). Hepp avers that at no time did the woman identify herself or the nature or purpose of her business. (Id. ¶¶ 10-11). Hepp further attests that the woman did not state that she was attempting to serve legal papers or a complaint, nor did the woman ask whether Hepp was authorized to accept service of process on behalf of any individual, entity, client, attorney, defendant, or organization. (Id. ¶¶ 12-13).

Cicchiello submitted a responsive affidavit. (Doc. 66). According to that document, George Eichelberger delivered "a manilla envelope (that contained

legal documents)" to Susan Hepp. (Id. ¶ 4). Eichelberger attests that he asked Hepp if either Attorney Jennifer Ruth or Attorney Andrew W. Norfleet were available to receive the documents, but was told they were not available because he did not have an appointment. (Id. ¶¶ 4-7). Eichelberger further avers that Hepp stated that she "would accept the envelop[e] on behalf of the attorney" and claims that he "heard her explain that she had the authority to accept certified, return receipt mail and or [sic] paperwork from servers." (Id. ¶ 8).

Obviously, many of the facts regarding this service attempt are disputed, including who actually attempted service (an unidentified woman, presumably Cicchiello, or George Eichelberger). But that is of no matter, because even under Cicchiello's version of events, there once again was no effective service of process on any Defendant.

## A. Attempted Service on Individual Defendants

Service on individuals within the United States is governed by Federal Rules of Civil Procedure 4(c) and 4(e). Rule 4(c) mandates that the summons must be served with a copy of the complaint, and those documents must be served on the defendant by either a person "who is at least 18 years old and not a party" or by the United States marshal, deputy marshal, or a person "specially appointed by the court." FED. R. CIV. P. 4(c).

Rule 4(e) provides four methods for serving an individual (other than a minor, an incompetent person, or a person "whose waiver has been filed"): (1) by "delivering a copy of the summons and of the complaint to the individual personally"; (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process"; or (4) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e).

Cicchiello's third attempt at serving the individual Defendants clearly was insufficient. Even when taking her version of events as true, there was no effective service of process.

First, it is undisputed that no copies of the amended complaint were included with the summonses, in violation of Federal Rule of Civil Procedure 4(c)(1). (See Doc. 63 ¶¶ 18-19). Second, even if the summonses and amended complaints were hand-delivered by George Eichelberger to Marshall Dennehey, P.C. (through Susan Hepp), Cicchiello has not established that such delivery satisfies any of the options for service on an individual under the federal or state rules. Indeed, there is no evidence that Hepp or defense counsel was "authorized by appointment or by law" to accept service of process for any

Defendant, and Defendants explicitly aver that neither Marshall Dennehey nor Hepp were authorized to accept service of process on their behalf. (See Doc. 63 ¶¶ 9-13; Doc. 64 at 6). Nor does serving a law firm satisfy any of the Pennsylvania options for serving an individual. See generally PA. R. CIV. P. 402.

Because hand delivery of the summonses to Marshall Dennehey plainly does not satisfy any of the three service options under Federal Rule of Civil Procedure 4(e)(2)(A), (B), or (C), it could only effectuate service if it complied with "state law for serving a summons in an action brought in courts of general jurisdiction" in Pennsylvania. FED. R. CIV. P. 4(e)(1). It did not.

The general options for service of process under Pennsylvania law are found in Pennsylvania Rule of Civil Procedure 402(a). They include "handing a copy [of original process] to the defendant"; handing a copy to an adult member of the family with whom the defendant resides at the defendant's residence; handing a copy to the clerk or manager of a "hotel, inn, apartment house, boarding house, or other place of lodging at which [the defendant] resides"; or handing a copy "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge of thereof." PA. R. CIV. P. 402(a).

However, under Pennsylvania law, for most civil litigation not commenced in Philadelphia County, only the sheriff can serve original process. See PA. R.

CIV. P. 400(a).[4] Cicchiello was expressly informed about this requirement in this court's previous May 1 Memorandum. (See Doc. 59 at 9, 13 n.5).

Thus, Cicchiello's third attempt at service on the individual Defendants—if attempting service pursuant to Pennsylvania law—fails for at least two reasons. First, and most importantly, she once again did not have the sheriff serve original process as required by Rule 400(a). Second, she has not established that Susan Hepp or any attorney at Marshall Dennehey was served at Dauphin County Prison—the "office or usual place of business" of the individual Defendants—if attempting to serve pursuant to Pennsylvania Rule of Civil Procedure 402(a)(2)(iii).

In summary, Cicchiello's attempt to serve the individual Defendants once again falls short for multiple reasons. This remains so even when taking her version of the disputed facts as true.

### B. Attempted Service on Dauphin County

Cicchiello also sues Dauphin County. To properly serve this municipal Defendant, Cicchiello must comply with Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) requires that the local government be served by either (1) "delivering a copy of the summons and of the complaint to its chief executive officer"; or (2)

---

[4] There are several express exceptions to this rule, but they do not apply in this case. See PA. R. CIV. P. 400(b).

"serving a copy of each in the manner prescribed by" Pennsylvania law "for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2)(A)-(B).

Serving a county with original process under Pennsylvania law requires handing a copy of that process to (1) "an agent duly authorized by the political subdivision to receive service of process"; (2) "the person in charge at the office of the defendant"; or (3) "the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman or clerk of the board of county commissioners." PA. R. CIV. P. 422(b).

Cicchiello appears to claim that she served Dauphin County by delivering a summons to Susan Hepp on May 26, 2026. (See Doc. 62 at 3). In her brief, she also states that she mailed a copy of the summons via certified mail to Dauphin County Prison on June 12, 2026. (See Doc. 68 at 10). Neither action satisfies federal or state service requirements.

First, neither attempt at service meets the requirements of Federal Rule of Civil Procedure 4(j)(2)(A), because the summons and complaint were not delivered to Dauphin County's "chief executive officer," FED. R. CIV. P. 4(j)(2)(A),

which would be one of its three commissioners.[5] Cicchiello has offered no evidence or legal argument that delivering a summons to Susan Hepp, who made no statement of actual authority to accept service of process on behalf of the county commissioners, would be legally equivalent to serving one of the three commissioners personally. See Grand Ent. Grp., Ltd., 988 F.2d at 485-86. Additionally, neither the Federal Rules of Civil Procedure nor the Pennsylvania Rules of Civil Procedure permit service by mail in these circumstances. See Staudte v. Abrahams, 172 F.R.D. 155, 156 & n.1 (E.D. Pa. 1997); FED. R. CIV. P. 4(e); PA. R. CIV. P. 402; PA. R. CIV. P. 403, 404 (allowing, in rare circumstances like an out-of-state defendant, service by mail requiring return receipt).

Second, if Cicchiello was attempting to serve Dauphin County under Pennsylvania law, she has not done so. As explained above, proper service in Pennsylvania generally requires service by the sheriff. There is no dispute that the sheriff did not serve original process on Dauphin County.

In short, Cicchiello still has not properly served any individual Defendant or Dauphin County since summonses were issued in August 2025, more than a year ago. This is despite the fact that this court gave Cicchiello explicit guidance

[5] See DAUPHIN CNTY., COMMISSIONERS, https://www.dauphincounty.gov/government/publicly-elected-officials/commissioners (last visited Sept. 17, 2026) (noting that "Dauphin County Commissioners Justin Douglas, Mike Pries, and George P. Hartwick, III are essentially the CEOs of the county").

regarding proper service of process in the May 1, 2026 Memorandum. In particular, that Memorandum expressly provided Cicchiello with the applicable rules of federal and state civil procedure for service of process. The court even went so far as to advise Cicchiello to utilize the sheriff to effectuate service, which is "not only a requirement for service under Pennsylvania Rule of Civil Procedure 400(a), but also [would] improve the likelihood that service is properly effectuated, as the sheriff's office is highly experienced with service of process in Pennsylvania." (Doc. 59 at 13 n.5).

Instead, Cicchiello completely disregarded this court's extensive instruction and merely tried to hand-deliver summonses to a law firm representing Defendants.[6] This is not a good-faith effort at service of process, nor does it establish good cause to extend the time for service under Federal Rule of Civil Procedure 4(m). See FED. R. CIV. P. 4(m); cf. Black v. Dublin EMS, LLC, No. 1:16-CV-1340, 2017 WL 1150661, at *6 (M.D. Pa. Mar. 28, 2017).

"Service of process is not a mere technicality." Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006). Rather, it "is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, rules concerning service of process *must be strictly followed*." Cintas Corp. v. Lee's Cleaning Servs., Inc.,

[6] In this regard, Cicchiello appears to be conflating service of filings (like pleadings, motions, and other papers) on counsel of record with actual service of process on Defendants. (See Doc. 68 at 11, 13 (citing, *inter alia*, FED. R. CIV. P. 5)). The two types of "service" are very different.

700 A.2d 915, 917-18 (Pa. 1997) (emphasis added) (citation omitted). And while *pro se* litigants are given some procedural flexibility, "they still must serve process" on the named defendants. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Cicchiello has not followed the rules for service of process, and therefore has not met her burden to establish the validity of service for any Defendant. This is despite the fact that the court has made extensive efforts to provide Cicchiello with a roadmap for service, as she is proceeding *pro se*. Cicchiello, however, has repeatedly failed to adhere to this court's directives and the applicable rules of civil procedure. The court will therefore grant Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).

## IV. CONCLUSION

Based on the foregoing, the court will grant Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and dismiss the amended complaint without prejudice. An appropriate order follows.

**Date:** 9/25/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**